FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 DEC 15 P 2: 33

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JASON ARIAS TRAVERS #312245
    Petitioner

    v.                      :     CIVIL ACTION NO. JKB-11-1914

WARDEN PATRICIA JOHNSON, et al.,
    Respondents

## MEMORANDUM

On July 8, 2011,[1] petitioner Jason Arias Travers filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his 2003 convictions for second-degree murder and a related handgun offense.[2] ECF No. 1. Respondents filed an answer that solely addresses the timeliness of petitioner's application. ECF Nos. 3 and 5. Petitioner filed a reply. (ECF No. 9.) After reviewing these papers, the court finds no need for an evidentiary hearing. *See* Rule 8(a), <u>Rules Governing Section 2254 Cases in the United States District Courts</u>; *see also* 28 U.S.C. § 2254(e)(2). For reasons set forth herein, the court shall dismiss the petition with prejudice as time-barred and deny certificate of appealability.

### Procedural History

Petitioner entered his guilty plea in the Circuit Court for Baltimore City, Maryland, on October 9, 2002. ECF No. 6, Exhibit 1 at 4 (Case No. 102140013); Exhibit 2 at 1. Sentence was imposed on January 30, 2003. *Id.* Petitioner did not seek leave to appeal the entry of his guilty plea or sentence.[3] Instead, on March 3, 2003, the day his judgment of conviction became final,

---

[1] The petition is dated July 1, 2011, and thus deemed filed on that date. *See Houston v. Lack,* 487 U.S. 266 (1988); *United States v. Dorsey,* 988 F. Supp. 917, 919-20 (D. Md. 1998).

[2] Petitioner was sentenced to serve fifty years' incarceration, all but twenty years suspended, the first five years without parole, and five years' probation. ECF No. 6, Exhibit 1 at 4 and Exhibit 2 at 1.

[3] Under Maryland law, defendants may appeal a guilty plea by way of application for leave to appeal. *See* Md. Code

petitioner requested review before a three-judge panel. His request was denied on May 5, 2003. *Id.*, Exhibit 1 at 5 (Case No. 102140013); Exhibit 2 at 1-2.

On April 10, 2003, petitioner filed a motion for modification or reduction of sentence, which was denied on May 7, 2003. *Id.* A second motion for modification or reduction of sentence, filed on June 2, 2003, was denied on August 22, 2003. *Id.*

More than eighteen months later, on March 17, 2005, petitioner filed a post-conviction petition in the Circuit Court for Baltimore City. *Id.*, Exhibit 1 at 6 (Case No. 102140013); Exhibit 2 at 2. Relief was denied on October 11, 2005. *Id.*, Exhibit 2. Petitioner's application for leave to appeal the denial of relief was denied by the Court of Special Appeals of Maryland on January 30, 2006. *Id.*, Exhibit 3. A motion to reopen post-conviction proceedings, filed on May 24, 2007, was denied on September 17, 2007. *Id.*, Exhibit 1 at 7 (Case No. 102140013). Petitioner's application for leave to appeal that denial was summarily rejected by the Court of Special Appeals of Maryland on September 25, 2008. The mandate issued October 27, 2008. *Id.*, Exhibit 4. Additional motions requesting drug treatment programming and seeking release based on actual innocence were filed and pending between November 20, 2009, and February 15, 2011. *Id.*, Exhibit 1 at 8-9.

### Standard of Review

Title 28 U.S.C. § 2244(d)[4] provides a one-year statute of limitations in non-capital cases for those convicted in state court to file a habeas corpus petition. This one-year period is,

---

Ann., Cts. & Jud. Proc. § 12-302(e)(2003). The application must be filed within 30 days after entry of judgment. *See* Md. Rule 8-204(b).

[4]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

2

however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 771, 771-72 (D. Md. 1998).

In *Holland v. Florida*, --- U.S. ----, 130 S. Ct. 2549 (2010), the Supreme Court concluded that equitable tolling applies to the statute of limitations for post-conviction petitions filed under § 2254. *Id.* at 2554. Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id.* at 2562. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d at 329-30.[5]

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[5] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

3

## Analysis

Petitioner does not present any argument favoring equitable tolling in this case. He fails to explain why the eighteen-month gap between the completion of his sentence reduction and modification motions[6] and the initiation of state post-conviction review should be subject to equitable tolling. Consequently, the petition is time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Petitioner does not satisfy this standard, and the court declines

---

[6] Recently, in *Wall v Kholi*, 562 U.S.__, 131 S. Ct. 1278 (2011), the Supreme Court considered whether a motion to reduce sentence under Rhode Island law tolled the limitations period set forth under 28 U.S.C. § 2244(d)(1)(A) for the purpose of constituting "post-conviction or other collateral review with respect to the pertinent judgment" as stated in 28 U.S.C. § 2244(d)(2). *See Kholi*, 131 S. Ct. at 1281–82. The Court held "that the phrase 'collateral review' in § 2244(d) (2) means judicial review of a judgment in a proceeding that is not part of direct review," *id.* at 1282, and reasoned that "[b]ecause the parties agree that a motion to reduce sentence under Rhode Island law is not part of the direct review process, we hold that respondent's motion tolled the AEDPA limitation period and that his federal habeas was therefore timely." *Id.*[6] Whether Maryland's sentence reduction and modification procedures meet the definition of 'collateral review' recognized by the Supreme Court in *Kholi* remains unknown; *Kholi*, however, is inapplicable here, where more than 365 days lapsed between the denial of petitioner's motions for reduction and the filing of his state post-conviction petition.

to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts. A separate order follows.

12/15/11
Date

*James K. Bredar*
James K. Bredar
United States District Judge